# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Patrick Booker, #297590,** | Case No. 2:16-cv-58-MGL-MGB |
| **Plaintiff,** | |
| v. | |
| | **REPORT AND RECOMMENDATION** |
| **Supreme Court of South Carolina, et al.,** | |
| **Defendants.** | |

This case is before the Court for initial review. Plaintiff Patrick Booker is a state prisoner incarcerated at McCormick Correctional Institution in South Carolina. He has filed this action *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed**, with prejudice and without issuance and service of process, for the following reasons:

I. The Complaint's Allegations

In the present action, Plaintiff sues the South Carolina Supreme Court and five of its justices as defendants. Plaintiff's allegations are difficult to follow and nonsensical at times, but the gist of the Complaint is that Plaintiff is attempting to sue them because he is displeased with rulings in the state courts. Specifically, he complains that his 2012 application for post-conviction relief ("PCR") was rejected, that his subsequent Rule 59(e) motion was denied by Judge Welmaker, and that his state appeal from those rulings was summarily denied. (DE# 1 at 13-14).[1] Plaintiff complains that he had previously and unsuccessfully filed for post-conviction relief on

---

[1] Judge Welmaker is not a defendant in the present action.

his 2003 criminal conviction. Plaintiff is also unhappy about the filing injunction that was ordered by the Supreme Court of South Carolina in 2010 and wants it lifted. (*Id*. at 8-10). He characterizes this an unconstitutional "taking of his property rights." (*Id*. at 5, ¶ 11, alleging that the Judicial Defendants "by deciding a cause [i.e. prefiling injunction] not property (sic) before them, took the property or rights of Petitioner Booker without due process of law"). Plaintiff wants his repetitive 2012 state PCR application reinstated, in the belief that he will prevail and obtain resentencing. (*Id*. at 13). Plaintiff wants the state justices criminally charged, arrested, and imprisoned for their judicial rulings in his cases. In his own words, Plaintiff asserts that:

> Accordingly, by the ABSOLUTE POWER vested in me, a natural born Divine creation in Full Life and a Private, Sentient, Civilian, Absolute Sovereign Neutral in intinere upon the Land within the constitutional public survey boundaries of the State of South Carolina …. I, the Honorable Patrick Lee Booker, LL.M (sic) enlists, and has so enlisted, the immense powers (executive, inherent, judicial, presidential or otherwise) of the People, by and through the above-captioned Petitioner representatives of the government of the United States, those being the incumbent President of the United States, the United States Department of Justice and the Federal Bureau of Investigation, to use such means, not amounting to acts of war and not otherwise prohibited by law, as they may think necessary and proper to unbound and relive the Honorable Booker from the illegal and unlawful prefiling injunction entered against him by the Respondents' judicial usurpation and oppression."

(*Id*. at 7).[2]

II. Relevant Law

   A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429

---

[2] The term "in intinere" appears to be Latin, but is nonsensical and without meaning. Plaintiff's reference to himself as having an L.L.M. (Master of Laws) post-graduate degree, is irrelevant.

U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate.

*United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

    B.  <u>The PLRA's 3-strike provision</u>

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean*, 566 F.3d at 404. "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610.  Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

III. Discussion

A. Sovereign Immunity

Initial review of this Complaint reflects multiple grounds for summary dismissal. First, Plaintiff sues the South Carolina Supreme Court and five of its justices (the "Judicial Defendants"). The South Carolina Supreme Court, as an arm of the state, and the justices, in their official capacity, have immunity from suit under the Eleventh Amendment. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002). The state courts are an arm of the State of South Carolina, and therefore are immune from suit under the Eleventh Amendment. *See, e.g., Weigel v. Maryland,* 950 F.Supp.2d 811, 831 (D.Md. June 19, 2013) ("There can be no doubt that, having been "vested" with the "Judicial power" of the State of Maryland, the Court of Appeals is an "arm" of that state."). The United States Supreme Court has explained that a suit against a state official in his or her official capacity is "no different from a suit against the State itself." *Will*, 491 U.S. at 70-71; *see also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir.1996); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013).

Plaintiff contends his "property" rights were taken, but does not mention specific monetary damages. Regardless, the Eleventh Amendment protects states from suit whether money damages or injunctive relief is sought. *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996) ("we have often made it clear that the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). Plaintiff's Complaint is therefore subject to summary dismissal. This deficiency in Plaintiff's Complaint cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994) (holding that dismissal with prejudice was therefore appropriate), *cert. denied*, 514 U.S. 1022 (1995).

B. <u>Absolute Judicial Immunity</u>

Plaintiff is dissatisfied with the results of his state criminal case and related PCR rulings, and complains of the imposition of a filing injunction against him in the state courts. The actions that Plaintiff complains of are all "judicial actions" for which judges have absolute judicial immunity. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Although Plaintiff complains that these decisions were erroneous or improper, judges are not deprived of immunity even if their actions were made in error. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity is a protection from suit, not just from damages. *Mireless*, 502 U.S. at 11. To the extent Plaintiff may be seeking injunctive relief, judges are also protected from claims for injunctive relief by § 309(c) of the Federal Courts Improvement Act, Pub.L. No 104–317, 110 Stat. 3847 (1996), which amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity."

Plaintiff's Complaint attempts to sue state justices who are protected by absolute judicial immunity for their judicial actions, and therefore, his claims against them are subject to summary dismissal. Again, this cannot be remedied through more specific pleading. *Rice*, 40 F.3d at 76 n.1 (holding that dismissal with prejudice was therefore appropriate).

C. <u>Complaint is Frivolous and Malicious</u>

Plaintiff's claims against the state justices for their judicial actions also lack any basis in law, and are therefore frivolous. *See, e.g., Evans v. Allbrooks*, 1989 WL 100776 (4th Cir.) (affirming district court's dismissal of complaint against judges as "wholly frivolous"). Plaintiff alleges that the Judicial Defendants are "criminals, and are traitors to the Constitution" and that they "committed a conspiracy against Petitioner Booker's civil rights, and the Respondents are thereby felons…[and] must be fined not more than two thousand dollars or imprisoned no more

than five years, or both." (DE# 1 at 4, ¶¶ 6-7). Plaintiff seeks to have the five defendant state justices arrested, criminally charged for their decisions in his cases, and removed from their judicial positions. (*Id*. at ¶7, "upon conviction, the Respondents' office of trust is forfeit (sic).").

Plaintiff has no authority to issue arrest warrants or file a criminal complaint. *See State v. Blakely*, 402 S.C. 650 (2014) (observing that only a prosecutor "has discretion in choosing how to proceed with a case, including whether to prosecute in the first place") (quoting *State v. Langford*, 400 S.C. 421, 435 n. 6 (2012)). The Supreme Court of South Carolina has explained:

> Under the separation of powers doctrine, which is the basis for our form of government, the Executive Branch is vested with the power to decide when and how to prosecute a case. Both the South Carolina Constitution and South Carolina case law place the unfettered discretion to prosecute solely in the prosecutor's hands. The Attorney General as the State's chief prosecutor may decide when and where to present an indictment, and may even decide whether an indictment should be sought.

*State v. Thrift*, 312 S.C. 282, 292 (1994). Plaintiff is not a prosecutor and lacks the authority vested in such officials. *See, e.g., Bischoff v. Waldorf*, 660 F.Supp.2d 815 (E.D.Mich.) (holding that an individual may not bring criminal charges).

To the extent that Plaintiff demands that this federal District Court order "sheriffs, constables and other officers in the several circuits or counties of the State of South Carolina….[to] institute proceedings against the individual [defendants] … and caused (sic) them to be arrested, imprisoned or bailed," (DE# 1 at 4-5), this Court does not "prosecute" on behalf of parties, nor does it have supervisory authority over "sheriffs, constables and other officers" of the State of South Carolina. His demand that this Court prosecute state judges or remove them from office on his behalf is factually and legally baseless, and therefore is "frivolous." *Nietzke*, 490 U.S. at 319; *Denton*, 504 U.S. at 31. Plaintiff's Complaint appears to be a disgruntled attempt to vent his anger at various state judges, with whose decisions he is displeased. Given that Plaintiff is attempting to

have them arrested and imprisoned for fulfilling their official duties, Plaintiff's purported "Complaint" may also properly be deemed "malicious." See 28 U.S.C. §1915(e)(2)(B). Plaintiff's Complaint should be summarily dismissed.

### D. Plaintiff May Not Litigate on Behalf of Others

On the last page of his Complaint, Plaintiff lists the "Honorable Barack Obama, President," the "Honorable Loretta E. Lynch, Attorney General," and "FBI Headquarters," and then indicates that he is bringing this case "By and with their consent." (DE# 1 at 15). Plaintiff may not bring claims on behalf of any other persons or entities. A *pro se* plaintiff may litigate only his own personal claims. Title 28 U.S.C. § 1654 provides that: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The statute does not extend the right of self-representation to directing litigation on behalf of others. *Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others").

### E. The Complaint Fails to State a Claim for Relief

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Iqbal*, 556 U.S. at 662). The present Complaint fails to meet

this minimal pleading standard. The South Carolina Supreme Court is not a "person" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 64–65.

Although Plaintiff makes scattered references to the "taking of his property rights" under the Due Process Clause, his mischaracterization of his disagreement with state court rulings cannot accurately be characterized this way. Plaintiff's allegations are conclusory and unsupported by coherent factual allegations. The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. Even with liberal construction, the Complaint is subject to summary dismissal for failure to state a plausible claim for relief. *See McLean*, 566 F.3d at 396 ("a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice").

Although Plaintiff's Complaint purports to do so, Plaintiff cannot "declare" that the state court filing injunction is "void." Plaintiff refers to himself as having "ABSOLUTE POWER vested in me, a natural born Divine creation in Full Life and a Private, Sentient, Civilian, Absolute Sovereign Neutral," and appears to be demanding that the President of the United States, the United States Attorney General, and the Federal Bureau of Investigation ("F.B.I."), take action against the Judicial Defendants for entering a "void" pre-filing injunction against him. Such assertions are nonsensical. Plaintiff is using language that bears hallmarks of the "sovereign citizen" theory. Such theory provides no basis or authority for Plaintiff to declare that a court order is "void" or to institute proceedings against courts and judges. Plaintiff cannot assert his purported status as a "sovereign citizen" to claim that the state courts and judges have operated illegally or to claim that he has authority to direct various branches of government to take actions.

Federal courts have repeatedly rejected the "sovereign citizen" theory as baseless. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir.2011) ("Regardless of an individual's claimed status … as a 'sovereign citizen'… that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."), *cert. denied*, 132 U.S. 1051 (2012); *Presley v. Prodan*, Case No. 3:12-cv-3511-CMC-JDA, 2013 WL 1342465, *2 (D.S.C.), *adopted by* 2013 WL 1342539 (D.S.C. March 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features). Plaintiff's Complaint fails to state a claim for relief, and is therefore subject to summary dismissal.

F. *Rooker-Feldman*

Finally, to the extent that Plaintiff is attempting to have this federal court review and invalidate state court decisions, such request is barred by the *Rooker–Feldman* doctrine.[3] A "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Insurc. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)); *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997), *cert. denied*, 524 U.S. 945 (1998).

The *Rooker–Feldman* doctrine "operates principally to preserve the structure of appeals from state courts to the United States Supreme Court under 28 U.S.C. § 1257(a) and to bar any proceeding that would functionally amount to a lateral appeal to a United States district court." *Moore v. City of Asheville, N.C.*, 396 F.3d 385, 392 n.2 (4th Cir.), *cert. denied*, 546 U.S. 819 (2005). The doctrine prevents a federal court from asserting jurisdiction in cases brought by state court litigants dissatisfied with state-court judgments and "inviting district court review and

---

[3] See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983) (federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Stanfield v. Charleston Cty. Court*, Case No. 2:15–cv–0756–PMD–MGB, 2015 WL 4929186, *5 (D.S.C. Aug. 18, 2015) ("Despite Plaintiff's strenuous attempts to distinguish his cause of action as a violation of constitutional law as opposed to an attack on a state court judgment, Plaintiff has no claim independent of the adverse state-court decisions."). Thus, to the extent Plaintiff seeks federal court review of any state court decisions *(i.e*. he wants the state filing injunction lifted and wants his repetitive PCR application reinstated), the *Rooker–Feldman* doctrine would bar such review here.

V.   Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE#1) be **summarily dismissed** with prejudice; the Complaint attempts to sue parties who are immune from suit, fails to state a claim for relief, and is frivolous and malicious, and therefore, dismissal of this Complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 7, 2016
Charleston, South Carolina
Petitioner's attention is directed to the ***important notice*** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  **Robin L. Blume, Clerk**
>  **United States District Court**
>  **Post Office Box 835**
>  **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).