IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick L. Booker, ) | Civil Action No. 2:16-58-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Supreme Court of South Carolina, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Patrick L. Booker, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action seeking "declaratory judgment" against the Supreme Court of South Carolina and several Justices of that Court, pursuant to certain federal constitutional protections. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary G. Baker for review pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A.

On March 7, 2016, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 8), recommending that the Complaint be dismissed *with prejudice* as frivolous and malicious and failing entirely to state a claim for which relief can be granted. On March 24, 2016, Plaintiff filed an Objection to the Report, (ECF No. 11), as well as a Motion for Leave to Amend the Complaint. (ECF No. 10). The Court has reviewed all of these submissions, and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the entire record, including, in particular, the Report and Plaintiff's Objection. The Court finds that none of Plaintiff's several objections provide fact or argument to meaningfully counter the core conclusion of the Magistrate Judge that Plaintiff's Complaint fails entirely to state a claim for which any category of relief–monetary, injunctive or declaratory–can be granted.

For the forgoing reasons, the Court adopts in substantial part the Report of the Magistrate Judge, (ECF No. 8), incorporating by reference those significant portions of the Report not inconsistent with this Order and overruling Plaintiff's Objection. The Court departs from the Report only in declining to adopt that portion of the Report which recommends that the dismissal of Plaintiff's Complaint count as a "strike" against him for purposes of 28 U.S.C. § 1915(g), as the Court is not fully satisfied on this record that the filing of this action was "frivolous" or "malicious." Plaintiff is, however, cautioned that if he continues to press for relief from this Court on wholly unviable grounds, the Court will have no choice but to conclude that his efforts are borne out of a malicious, harassing motivation rather than good faith.

**WHEREFORE**, Plaintiff's Complaint is hereby **DISMISSED** *with prejudice* and without requiring Defendants to file a return. Additionally, Plaintiff's Motion to Amend the Complaint,

(ECF No. 10), is **DENIED** as both inadequately supported in the record and futile.

    **IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

August 15, 2016
Columbia, South Carolina


*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

-3-